IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CITIZENS IN CHARGE, et al.,

        Plaintiffs,

v.

JENNIFER BRUNNER
OHIO SECRETARY OF STATE,

        Defendant.

Case No. 2:08 CV 1014

Judge Edmund A. Sargus,
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion for Judgment on the Pleadings. (Document 9.) For the reasons discussed below, Defendant's Motion is **DENIED**.

### I.

On October 28, 2008, Plaintiffs filed a Complaint seeking declaratory relief and preliminary and permanent injunctions. (Compl. ¶ 1.) Specifically, Plaintiffs challenge certain procedural requirements to commence a ballot initiative in the State of Ohio under the federal constitution.

    A.    <u>House Bill 545 and Proposed Referendums</u>

On May 20, 2008, the Ohio General Assembly passed H.B. 545, a bill that capped the interest a "payday lender" could charge on a loan.[1] (Compl. ¶ 10.) In part, H.B. 545 limited the amount that lenders may change for short-term loans to twenty-eight percent. (Compl. ¶ 12.)

---

[1] A payday lender provides a small, short-term loan that is intended to cover a borrower's expenses until his or her next paycheck.

Plaintiff, Reject H.B. 545 Committee ("Committee"), an Ohio non-profit corporation, registered as a ballot issue committee to seek a statewide referendum to repeal H.B. 545. (Compl. ¶ 3.)

Under Ohio law, a party seeking a referendum must file a written petition, signed by at least 1,000 qualified electors, giving a summary of the referendum sought. Ohio Rev. Code § 3519(B)(1). Once submitted, the Secretary of State must, within ten business days, have county boards of election validate the signatures and compare the text of the act sought to be referred with the text on the referendum petitions. Ohio Rev. Code § 3519.01(B)(2). Additionally, the Ohio Attorney General, also within ten business days, must examine the petition to determine whether the summary is a fair and truthful statement of the measure to be referred. Ohio Rev. Code § 3519(B)(3).

The Committee filed its first proposed referendum petition with the Ohio Secretary of State and the Ohio Attorney General on June 9, 2009. (Compl. ¶ 42.) On June 19, 2009, then Attorney General Nancy Rogers rejected the proposed referendum summary on the basis that the Committee's proposed summary of the measure was not fair and truthful. (Compl. ¶ 44.) The Committee filed a second proposed referendum with the Ohio Secretary of State and Attorney General on June 25, 2009. (Compl. ¶ 46.) Two days later, on June 27, 2009, the Committee filed a third proposed referendum with the Ohio Secretary of State and Attorney General. (Compl. ¶ 46.) On July 10, 2009, the Committee's second proposal was rejected. At the same time, the third proposal was approved. The Committee was then authorized to begin collecting signatures to meet the signature requirement prior to the placement of the referendum on the November ballot. (Compl. ¶ 51-2.)

B.     Plaintiffs' Lawsuits

On July 7, 2009, Plaintiffs Schaller, Grieser and Roman filed a lawsuit in the Franklin County Common Pleas Court against Defendant Brunner and Attorney General Rogers. (Defs.' Mot. 2.) Plaintiffs' complaint challenged the Ohio referendum procedure as a violation of the Ohio Constitution. (Defs.' Mot. Ex. D.) The state court denied Plaintiffs' request for a temporary restraining order. (Defs.' Mot 2.) Plaintiffs appealed the common pleas court's ruling, which the Tenth District Court of Appeals affirmed. (*Id.*) Plaintiffs also filed an amended complaint in the Franklin County Common Pleas Court alleging that the denial of their second referendum petition was a violation of the Ohio Constitution. (*Id.*) The second state court complaint sought to restrain Defendants from enforcing Ohio's referendum laws, as described *infra*. (Defs.' Mot. Ex. D.) Also, the plaintiffs in the state court action sought a declaratory ruling that Chapter 3519 of the Ohio Revised Code violated the Ohio Constitution. (*Id.*)

In this case, Plaintiffs seek (1) an injunction prohibiting Defendants from enforcing Ohio Revised Code Subchapter 3519; and (2) a declaration that the statute is contrary to provisions of the Constitution of the United States. (Compl. 27-8.) Plaintiffs bring their claims under 42 U.S.C. § 1983, asserting that portions of the Ohio Revised Code relating to referendum, both facially and as applied, violate the United States Constitution. Defendant moves for judgment on the pleadings, asserting that this Court should abstain from hearing Plaintiffs' federal constitutional challenge pursuant to the doctrine first espoused in *Younger v. Harris*, 401 U.S. 37 (1971).

3

## II.

Motions for judgment on the pleadings are evaluated much the same way as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *Zeigler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The Supreme Court has held that in order to survive a motion to dismiss, a plaintiff only must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Federal Rule of Civil Procedure Rule 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). Moreover, a complaint will survive a motion to dismiss only when it states a plausible claim for relief. *Id.* at 1950 (citing *Twombly*, 550 U.S. at 556).

When considering a motion for judgment on the pleadings, a court must construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded material allegations in the complaint as true. *Grindstaff*, 133 F.3d at 421. A could will not consider, however, legal conclusions or unwarranted inferences cast in the form of factual allegations. *Id.* Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is liable for the alleged misconduct. *Iqbal*, 129 S. Ct. at 1949-50. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

4

the line between possibility and plausibility of entitlement to relief.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 557).

In their Memorandum in Opposition, Plaintiffs request that this Court exclude what they consider "non-pleading" materials attached to the Defendant's Motion. These materials include copies of correspondence referred to in Plaintiffs' Complaint, Plaintiffs' Referendum Petition, and Plaintiffs' state court complaint. This Court may consider such documents, however, insofar as they are referenced in the factual allegations in Plaintiffs' Complaint. *See Nat'l Assoc. of Minority Contractors, Dayton Chapter v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002)(noting that documents referenced in a complaint considered part of pleadings and may be considered in deciding motion without converting it to summary judgment). Moreover, attachment of the state court complaint is relevant to Defendants' argument that this Court should abstain from jurisdiction, and as a public record may be taken into account in a motion to dismiss. *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997).

## III.

### A.     **Elements of *Younger* abstention**

Defendant maintains that this Court should refrain from hearing the Plaintiffs' constitutional challenge based on the *Younger* abstention doctrine. In *Younger*, the Supreme Court held that a federal court should defer to state proceedings and abstain from hearing an action to enjoin state officials from instituting criminal actions. *Younger*, 401 U.S. at 45-47. Although *Younger* arose in the context of a state criminal proceeding, the Supreme Court has extended its doctrine to civil actions. *See, e.g., Trainor v. Hernandez*, 431 U.S. 434 (1977); *Thrower v. Jividen*, 232 F. Supp. 2d 793 (N.D. Ohio 2002). At bottom, the purpose of *Younger*

5

abstention is to prevent "federal intervention in state judicial processes." *Moore v. Sims*, 442 U.S. 415, 423 (1979). Abstention remains the exception rather than the rule, and a federal court has a "virtually unflagging" obligation to exercise its statutory jurisdiction once a controversy is properly before it. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

The Sixth Circuit Court of Appeals has held that *Younger* abstention applies under the following circumstances: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In deciding whether the state courts provide an adequate opportunity to raise constitutional claims, the Court must first presume "that the state courts are able to protect the interests of the federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 2005). Based on this presumption, "the burden of establishing the inadequacy of the state courts rests on the plaintiff." *Meyers v. Franklin County Court of Common Pleas*, 23 Fed. Appx. 201, 205 (6th Cir. 2001) (unpublished opinion); *see also Kelm*, 44 F.3d at 420 ("[P]laintiff must prove the inadequacy of the state courts.").

*1. On-Going State Judicial Proceedings*

In this case, state court proceedings are on-going in the Franklin County Court of Common Pleas. The Sixth Circuit Court of Appeals has held that "the proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed." *Sun Refining & Marketing*, 921 F.2d at 639 (citing *Carras v. Williams*, 807 F.2d 1286,

6

1290 n.7 (6th Cir. 1986)). Plaintiffs filed the Complaint in this case on October 28, 2008. (*See* Compl.) Prior to that time, on July 7, 2008, several Plaintiffs in this action filed a complaint with the Court of Common Pleas for Franklin County, Ohio. (Def. Mot. Ex. D.) Based on the pending and on-going action in the Court of Common Pleas for Franklin County, the first *Younger* requirement is fulfilled.

### 2. *Important State Interests*

This case also involves important state interests, thus meeting the second *Younger* requirement. The Sixth Circuit Court of Appeals has held that the State of Ohio's "oversight of state and local elections is clearly an important state interest." *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 634 (6th Cir. 2005); *see also Chamber of Commerce of the U.S. v. Ohio Elections Comm'n*, 135 F. Supp. 2d 857, 864 (S.D. Ohio 2001)(holding that questions regarding constitutionality of state election laws in a pending state administrative proceeding were important state interests).

### 3. *Opportunity to Raise Constitutional Challenges in State Court*

Defendant maintains that *Younger* abstention applies because Plaintiffs had the opportunity to raise their federal constitutional claims in state court. Whether Plaintiffs have an "opportunity" to have the issue addressed in state court for *Younger* purposes, however, does not "turn on whether the plaintiff could file a new complaint in state court that alleged . . . federal claims." *Habich v. City of Dearborn*, 331 F.3d 524, 531 (6th Cir. 2003). As the *Habich* Court stated, "[s]uch a rule would [] extend *Younger* abstention far beyond its purpose of preventing 'federal intervention in state judicial processes.'" *Id.* (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)). After all, "[i]f that were the rule, *Younger* abstention would almost always be

7

appropriate, because there are few situations in which a federal plaintiff would not be able to file the federal suit in state court." *Id.* at 531–32. In *Habich*, the Sixth Circuit explained: "[u]nless the issue in the plaintiff's federal suit would be resolved by the case-in-chief or as an affirmative defense to the state court proceedings that exist, it cannot be said that the state proceedings afford the federal plaintiff an adequate opportunity to have his or her claim heard for *Younger* purposes." *Id.* at 532.

The Sixth Circuit has held that "[a] federal court owes no duty to abstain in deference to a state court when a federal constitutional question is at issue." *Assoc. Gen. Contractors of Ohio v. Drabik*, 214 F.3d 730 (6th Cir. 2000). Indeed, there are "fundamental objections to any conclusion that a litigant who has properly invoked the jurisdiction of a Federal District Court to consider federal constitutional claims can be compelled, without his consent and through no fault of his own, to accept instead a state court's determination of those claims." *England v. Louisiana State Bd. of Medical Examiners*, 375 U.S. 411 (1964); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 294 n.9 (2005) (*citing England* as "permitting a party to reserve litigation of federal constitutional claims for federal court while a state court resolves questions of state law").

In this case, Plaintiffs have raised issues of whether certain Ohio statutes and a provision of the Ohio Constitution burden their ability to vote and violate their fundamental rights to freedom of speech and association, as guaranteed by the First and Fourteenth Amendments to the United States Constitution. Having properly invoked this Court's jurisdiction for purposes of addressing these federal constitutional claims, the Court declines to abstain in deference to the state court proceedings under *Younger*.

8

## B. Abstention Would Frustrate the Purposes of *Younger*

Defendant effectively seeks to prevent Plaintiffs from raising their federal claims in this Court, and instead suggests that they should have brought their causes of action under Section 1983 in the pending state court action. Defendant suggests that this case, in which Plaintiffs assert federal constitutional questions, represents nothing more than simple forum shopping that could create inconsistent judgments in two different judicial systems.

As the Sixth Circuit has expressed, federal courts should abstain under *Younger* so as to avoid the duplication of legal proceedings, defer to the state's sovereignty over matters related to its own law, and respect principles of comity inherent to federalism. *Armco, Inc. v. USW, AFL-CIO, Local 169*, 280 F.3d 669, 682 (6th Cir. 2002)(citing *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998)). While it is certainly true that "[p]rinciples of comity require federal courts to defer to a state's judgment on issues of state law." *Israfel v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001), there is "no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of state policy." *United States v. Commonwealth of Kentucky*, 252 F.3d 816, 828 (6th Cir. 2001)(quoting *New Orleans Pub. Serv., Inc.*, 491 U.S. 350, 363 (1989)). Furthermore, this Court is an "appropriate forum for the redress of constitutional violations, regardless of the adequacy of state courts as an alternative forum." *G & V Lounge, Inc. v. Michigan Liquor Control Com'n*, 23 F.3d 1071, 1077 (6th Cir. 1994).

In this case, abstaining would require Plaintiffs to seek leave to amend their state-court complaint to assert their federal causes of action. Abstaining under these circumstances would serve none of the policies *Younger* was designed to promote.

9

## IV.

For the reasons discussed above, the Defendant's Motion for Judgment on the Pleadings (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

    1-5-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**